982 So.2d 19 (2008)
Jerry Lee SWAGERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0097.
District Court of Appeal of Florida, First District.
March 18, 2008.
Rehearing Denied May 15, 2008.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Trisha Meggs Pate, Tallahassee Bureau Chief Criminal Appeals, and Natalie D. Kirk, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Jerry Lee Swagerty, appellant, challenges his conviction and sentence for possession of cocaine. As one basis for reversal, appellant asserts that the trial court erred in denying appellant's motion to suppress, which was premised on allegations that the officer's stop was unlawful. We agree and reverse and remand to the trial court to enter an order granting the motion to suppress.
It is undisputed that appellant was stopped on the basis of a cracked windshield. Based on the evidence, however, the trial court could not find that the cracked windshield constituted a safety hazard.
In Hilton v. State, 961 So.2d 284 (Fla. 2007), the Florida Supreme Court settled the existing dispute over the lawfulness of stopping a vehicle for a cracked windshield. In Hilton, the supreme court noted in pertinent part:
In Doctor, the relevant statute required taillights on vehicles, but did not prohibit cracks in the lens covers/reflectors of taillights. See [Doctor v. State] 596 So.2d [442] at 446 [ (Fla.1992) ]. Similarly, section 316.2952 requires a windshield on vehicles, but does not address or prohibit cracks in windshields. See § 316.2952, Fla. Stat. (2001). As we noted in Doctor, interpreting section 316.610 to authorize traffic stops for just any type of equipment malfunction, even if such equipment is not required by law, would permit officers to stop vehicles for such defects as a broken radio antenna or a dent in the passenger door of the vehicle. Further, even where certain equipment is required by statute, section 316.610 would permit stops where the equipment is in compliance with the statute but possesses some defect which is not specifically addressed or prohibited by the statute. For example, section *20 316.252 of the Florida Statutes requires that trucks or semi-trailers of certain weights be "equipped with fenders, covers, or other splash and spray suppressant devices." § 316.252(1), Fla. Stat. (2005). Under the State's interpretation of section 316.610, if a truck is equipped with fenders, but those fenders are dented, law enforcement officers would be authorized to initiate a traffic stop. As this Court concluded unanimously in Doctor, placing such a broad interpretation on section 316.610 would produce results "clearly beyond the statute's intended purpose of ensuring the safe condition of vehicles operating on our state's streets and highways." 596 So.2d at 447.
Therefore, under the analysis adopted by this Court in Doctor, and under principles of statutory construction, see Hechtman [v. Nations Title Ins. of New York], 840 So.2d [993] at 996 [(Fla. 2003) ]; Clines [v. State], 912 So.2d [550] at 557 [ (Fla.2005) ], we conclude that the provision of section 316.610 which authorizes vehicle stops for equipment that is "not in proper adjustment or repair," § 316.610(1), Fla. Stat. (2001), does not encompass windshield cracks. Thus, a stop for a cracked windshield is permissible only where an officer reasonably believes that the crack renders the vehicle "in such unsafe condition as to endanger any person or property." § 316.610, Fla. Stat. (2001).
961 So.2d at 292.
We, therefore, reverse.
BARFIELD and HAWKES, JJ., concur.